FILED
2017 Mar-13  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |
|---|---|
| RUTHIE TUCK, | } |
| PLAINTIFF, | } |
|  | } |
| v. | } CIVIL ACTION NO.:_____ |
| ALABAMA INSTITUTE FOR THE | } |
| DEAF, | } |
| JOHN MASCIA, PRESIDENT, AIDB | }      CV-17-HS-0394-E |
| In his official and individual capacity, | } |
| TRAVIS FIELDS, | } |
| In her official and individual capacity, | } |
|  | } |
| DEFENDANTS. | } |

## COMPLAINT

**COMES NOW,** the Plaintiff, Ruthie  Tuck, by and through the undersigned Counsel and charges Defendant Alabama Institute for the Deaf and Blind (herein referred to as AIDB or Defendant) with discrimination. This is an action to vindicate violations of the Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendants.  This action arises out of the illegal and discriminatory treatment of Ms Tuck between 2011 to present.  Ms Tuck alleges, inter alia, that she has been employed with Defendant AIDB and says as follows:

## JURISDICTION

1. This is, in part, an action authorized and instituted to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ; the Civil Rights Act of 1866, as amended,  by the Civil Rights Restoration Act of 1991; 42 U.S.C.  §1981;  42 U.S.C.  §1981A; and  42 U.S.C. §1988.

2. Jurisdiction of this Honorable Court is predicated upon 28 U.S.C. §§1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.  Jurisdiction is invoked pursuant to 28 U.S.C. §1343(4); 42 U.S.C. §2000(e)(5)(f); and 28 U.S.C. §2201 relating  to declaratory judgments.  This is a suit in law and equity authorized and instituted pursuant to Title 7 of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)  *et. seq.* The jurisdiction of this Court is invoked to secure and protect and to redress deprivation of rights and other relief against discrimination on the basis of racial and employment and civil damages  for the tort of outrageous behavior and intentional infliction of emotional distress.

3. This action is brought to remedy discrimination on the basis of race and gender in the terms, conditions and privileges of employment and for retaliation for previous protected activity in violation of Title VII.

4. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and 29 U.S.C. §216 and §217.

5. This Court under the common law and statutes of the State of Alabama and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. §1367.

6. Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission Birmingham District Office, Birmingham, Alabama, on December 23, 2014, complaining of the acts of racial discrimination and retaliation as alleged herein.

7. On or about December 15, 2016, the U.S. U.S. Department of Justice Civil Rights Division issued a Dismissal and Notice of Rights letter to sue Defendant in federal court.

8. Plaintiff has complied fully with all prerequisites  to jurisdiction in this Court.  Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000(e) – 5(f)(3), 28 U.S.C. §1331(4) and 29 U.S.C. §216.

9. Venue is proper in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §1391(b) wherein the Plaintiff resides, all Defendants regularly conduct business and where all the wrongful conduct occurred because the allegations arose in Talladega County, Alabama, while the Plaintiff was employed with the Defendant.  Talladega County is in the Northern District.

## PARTIES

10.  Plaintiff, Ruthie, is an African American adult female individual and citizen of the United States who resides at 1717 Cove Shocco Road, Talladega, Alabama.  At all relevant times, Ms Tuck was an employee of AIDB, within the meaning of Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C. §2000e, *et. seq.;*  the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. §1981, and applicable case law.

11.  Defendant Alabama Institute for the Deaf and Blind is a Domestic Non-Profit Corporation formed in Talladega, Alabama, and existing under the laws of the State of Alabama, with its principal place of business at 205 South Street East, Talladega County, Alabama 35160. At all relevant times, Defendant AIDB employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e,  *et. seq.*

12. Defendant E. H. Gentry / AIDB Helen Keller School / AIDB is an operating division of Defendant AIDB, the official state agency charged with conducting the state educational and training programs for hearing impaired and visually handicapped individuals (E. H. Gentry and Helen Keller School and AIDB) are referred   to collectively as "AIDB" throughout  and are governmental entity / agency of Defendant AIDB.   Defendant  E. H. Gentry and Helen Keller is an entity receiving Federal assistance and conducts business in Talladega, Alabama.  At all relevant times, Defendant E.F. Gentry /

Helen Keller School/ AIDB employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

13. President John Mascia, is a white male, is an adult individual and citizen of the United States, who resides in Talladega County, Alabama. At all relevant times, President Mascia was President of AIDB. Travis Fields, is a white male, an adult individual and citizen of the Unites States who is a resident of Alabama and was an employee of AIDB and Plaintiffs supervisor.

## FACTS

14. Plaintiff has been employed with AIDB since 1995. Plaintiff formerly was employed at E.H. Gentry as a Job Coach: C5 Rank 43 Step 10. Plaintiff is currently employed as an Employment Specialist with Defendant AIDB.

15. Plaintiff has a Bachelor's Degree in Business Administration from Faulkner University.

16. Prior to 2007, Plaintiff had been an Job Coach to Mr. Anton Chatman. In 2007, Ms Lori Mitchell became Employment Specialist with Plaintiff employed as a Job Coach. In 2011, Ms Mitchell became the Assistant to the Director of Student General Services at E.H. Gentry. Ms Mitchell consistently and gradually began requiring Plaintiff to complete the duties of an Employment Specialist until

Plaintiff was required to complete all duties  of an Employment Specialist.  For approximately a year and a half ( 1 ½ ), Plaintiff was completed all Employment Specialist duties until Plaintiff became ill in May, 2013, and was on a leave of absence for seven (7) months. Upon Plaintiffs return  from medical leave of absence, Plaintiff assumed all duties and responsibilities of an Employment Specialist as well as Job Coach, but only received financial remuneration for work as a Job Coach.  Plaintiff continued to teach a Job Readiness class which is an Employment Specialist job.  (In the past an Employment Specialist always taught the Job Readiness class.)

17. Plaintiff avers that Ms Mitchell exclusively required her to teach the Job Readiness class.  An Employment Coordinator was hired with duties to assist Plaintiff as the Job Coach.  The Employment Coordinator did not assist Plaintiff and was terminated and the position of Employment Coordinator remains vacant.

18. Plaintiff avers that she applied for the position of Human Resources Coordinator posted on November 27, 2012, but was not hired for the position although meeting all posted qualifications including a Bachelor's Degree in Business Administration, language proficiency in the Intermediate level, and based on her AIDB Employee Performance Appraisal, Plaintiff met and exceeded standards.  Plaintiff avers that she was required to teach (1) Job Readiness Classes for a general caseload; (2) attend

evaluation staffing meetings; (3) placement; (4) intake completion; (5) monthly reporting of referrals; (6) job skills development; (7) job readiness; (8) follow up; (9) exit staffing; and (10) situational assessment.

19. Plaintiff avers that she applied for the position of Employment Coordinator posted on October 8, 2013, and was not afforded an interview although she met all qualifications.

20. Plaintiff avers that an Employment Services Team Meeting was held on July 23, 2014, in which there was a request for clarification on job employment responsibilities regarding the Employment Specialist / Employment Coordinator and Job Coach positions. The July 23, 2014 meeting, an April 3, 2014 meeting and an August 22, 2014 meeting as well as myriad emails to and from Ms Mitchell and Mr. Fields refused to address nor resolve the issues regarding clarification of responsibilities regarding the additional duties assigned and reclassification of employment positions including retroactive compensation.

21. Plaintiff avers that Mr. Sammy Gilliam, a white male, is currently employed as an Employment Specialist.  Mr. Gilliam only has an automobile body certification and does not hold a Bachelor's degree.

22. Plaintiff avers  that the Defendant AIDB posted a position for Employment Specialist – General / E.H. Gentry Facility posting

date November 4, 2014. Plaintiff submitted an application for this position – was interviewed and was offered the position for which Plaintiff accepted.

23. Plaintiff avers that she has suffered discrimination in whole or in part, upon her gender and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 20002 *et. seq.*, and the Civil Rights Act of 1866 as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. §1981.

24. Since September 1, 2011, Plaintiff has been performing the duties of Employment Specialist. Plaintiff has requested assistance but has been denied. Plaintiff has requested a salary adjustment commiserate to her meeting all the requirements as it relates to the position of Employment Specialist.

## COUNT ONE
## Defendant AIDB's Vilatin of Title VII's Prohibition Against Employment Discrimination – Gender Discrimination – Disparate Treatment

25. Plaintiff incorporates by reference and asserts each and every allegation in the preceding paragraphs of the Complaint as though set forth at length herein.

26.  This claim is authorized and instituted pursuant to the provision of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e *et. seq.* and 42 U.S.C. §1981A for relief based upon unlawful employment practices of the above named Defendant.  Specifically, Plaintiff complains of Defendant AIDB / E.H. Gentry violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

27. During her employment with Defendant, Plaintiff was a member of a class protected under Title VII against gender based discrimination by her employer Defendant AIDB / E.H. Gentry or by its supervisory personnel.

28. As set forth herein, as a result of the allegations set out hereinabove, the Plaintiff was required to work two positions that of Job Coach for which she was hired as of 2006, and that of Employment Specialist as of 2011, without being compensated for both positions for which she worked.

29. Plaintiff completed the work assignments as Mr. Tim Reid , employed as a Wood Shop supervisor  with the exception that Mr. Reid was assigned an Aide to assist him and Plaintiff was not assigned any assistants though Plaintiff has / had repeatedly requested assistance but had been denied.

30. Plaintiff has requested a promotion and salary adjustment commiserate to that of Employment Specialist.

31. Plaintiff meets all requirements for the position of Employment Specialist. Plaintiff holds a Bachelor of Arts degree in Business Administration.

32. Plaintiff, an African American female and during her employment with Defendant AIDB / E.H. Gentry, when was a member of a class protected under Title VII against race based discrimination by her employer. Defendant AIDB / E.H. Gentry or its supervisory personnel.

33. At all relevant times, Plaintiff fully, adequately, and completely performed all of the functions, duties, and responsibilities of her employment with Defendant AIDB / E.H. Gentry.

34. That Plaintiff was qualified for and had adequately trained for the positions for which she applied and was eventually offered, Employment Specialist.

35. Plaintiff avers that white male employees with Defendant AIDB who do not have the adequate requisite training nor education nor possess the qualifications commensurate with those of Plaintiff was hired as an Employment Specialist.

36. As a result of the Defendant AIDB / E.H. Gentry's actions and policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her gender and race.

37. Plaintiff, as a female employee of Defendant AIDB / E.H. Gentry, was therefore treated in a disparate manner and was subjected to Defendant's unfair policies and practices insofar as that she was treated in an unequal manner and unlike male employees similarly situated with Plaintiff.  Said unfair practices both limited Plaintiff in her wages and other benefits because of her gender, female, and race, African – American in an amount to be proven at trial.

38. As  Defendant AIDB / E.H. Gentry and all other Defendants engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to punitive / exemplary damages  in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e *et. seq.* as amended, and 42 U.S. C. §1981A.

39. Defendant AIDB / E.H. Gentry further denied Plaintiffs equal employment opportunities because of her gender, female to wit: That she was eligible for other positions within Defendant AIDB / E.H. Gentry for which she was not considered.

40. At all relevant times, Defendant AIDB / E.H. Gentry and President Mascia knew that the discriminatory conduct complained of herein was without cause as Plaintiff had consistently  satisfied and or exceeded all the requirements of her positions.

41. As a result of Defendant AIDB / E. H. Gentry and President Mascia employment policies, procedures, and practices, Plaintiff

was unjustly and discriminatorily  deprived of equal employment opportunities because of her gender, female, race:   African – American.

42. Plaintiff has been, is being, and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities, and job assignments due to her as an employee, but denied because of her gender and race  in an amount to be proven at trial.

43. The above named Defendants conduct was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff.

44. Furthermore, Defendant AIDB / E.H. Gentry, President Mascia intentionally  and / or with reckless indifference, engaged in the above stated discriminatory practices against Plaintiff, contrary to Plaintiff's federally protected rights as guaranteed to her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981.

45. The intentional discriminatory conduct of Defendant AIDB / E.H. Gentry and President Mascia complained of herein was willful, wanton, deliberate, malicious, egregious, outrageous warranting the imposition of punitive / exemplary damages which will serve as an example and deterrent to Defendants and others who would commit similar illegal acts.

46. As all Defendants herein engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff's

federally protected rights, Plaintiff is entitled to punitive / exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*, as amended, and 42 U.S.C. §1981A.

**COUNT TWO**
**42 U.S.C.A. §1983 Relief**

47. Plaintiff incorporates by reference and asserts each and every allegation in the preceding paragraphs of the Complaint as though set forth at length.

48. Plaintiff avers that the Defendant  E.H. Gentry / AIDB is an operating division of Defendant AIDB, the official state agency charged with conducting the state educational and training programs for hearing impaired and visually handicapped individuals (E.H. Gentry and AIDB are referred to collectively as "AIDB"  throughout and are governmental entity / agency. Defendant E.H. Gentry is an entity receiving Federal assistance and conducts business in Talladega, Alabama.

49. Plaintiff avers that the acts of discrimination and retaliation committed by Defendants were done in the course of the performance of their duties.  Defendant was the ultimate authority over Plaintiff, violated Plaintiff's equal protection rights under the Fifth and Fourteenth Amendments to the United States

Constitution by (a) subjecting her to different (worse) terms and conditions of employment than her male counterpart(s); (b0 subjecting her to gender based and race based discrimination and a hostile working environment and her opposition to unlawful employment practices.

50. Plaintiff asserts that the acts of discrimination unlawfully deprived and conspired to deprive the Plaintiff of legal rights guaranteed to her by the Constitution and laws of the United States.

51. Plaintiff asserts that the acts of the Defendants were done under color of State Law pursuant to an official policy or practice endorsed and approved by the Defendant AIDB / EH Gentry.

52. Plaintiff asserts that the said actions violated 42 U.S.C. §1983.

53. Plaintiff was damaged by the Defendant's conduct, policy, customs, and practices in that she has suffered significant economic loss, emotional, psychological distress, embarrassment, and humiliation and lost wages and other benefits.

54. Plaintiff claims attorney's fees and expenses of the Defendant pursuant to 42 U.S.C. §1988.

55. Plaintiff asserts that due to the willful, gross, and oppressive conduct of the Defendants, the Plaintiff claims punitive damages of the Defendant.

WHEREFORE, these premises considered, Plaintiff respectfully requests the following:

(A) That the Court issue an Order declaring that Defendant's actions as described herein violate §1983;

(B) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successor, and those acting in concert with Defendant from continuing to violate §1983;

(C) That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of discrimination providing back pay and restoration of lost wages and benefits with interest and ordering Defendant to pay compensatory damages as a jury may assess;

(D) That the Court award such other legal and equitable relief as justice requires including but not limited to, an award of costs, attorney's fees and expenses.

## COUNT THREE
## RETALIATION

56. Plaintiff incorporates by reference and asserts each and every allegation in the preceding paragraphs of the Complaint as though set forth at length herein.

57. Plaintiff avers that after she requested  a promotion and comparable salary increase and complaints of the excessive

workload, she began to experience acts of retaliation committed by Defendant AIDB / E.H. Gentry which was done in the course of the performance of the duties of the agents of Defendant AIDB.

58. Plaintiff asserts that the acts of discrimination unlawfully deprived and conspired to deprive the Plaintiff of her legal rights guaranteed to her by the Constitution and the laws of the United States.

59. Plaintiff asserts that the acts of the Defendants were done under color of State Law pursuant to an official policy and or practice endorsed and approved by the President of AIDB.

60. Plaintiff asserts that the said actions violated 42 U.S.C. §1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* as amended, and 42 U.S.C. §1981.

61. Plaintiff was damaged by the Defendant's said conduct, policy, customs, and pratices in that she has suffered significant economic loss, emotional psychological distress, embarrassment and humiliation and lost wages. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of th Defendant's retaliatory practices unless and until this Court grants relief. As a result of the acts of retaliation, Plaintiff suffered emotional harm and harm to her reputation.

62. Plaintiff claims attorney's fees and expenses of the Defendant pursuant to 42 U.S.C. §1988.

63. Plaintiff asserts that due to the willful, gross, malicious, reckless indifference to Plaintiff's protective rights and oppressive conduct of the Defendants, the Plaintiff claims punitive damages of the Defendants.

## COUNT FOUR
## HARASSMENT AND HOSTILE WORK ENVIRONMENT

64. Plaintiff  incorporates by reference and asserts each and every allegation in the  preceding paragraphs of the Complaint as though set forth at length herein.

65. Plaintiff was subjected to harassment by her superiors which included continuing to be required to complete an excessive work load which necessitates two people working in the area due to the amount of students and the excessive workload.    Plaintiff's requests for assistance have been ignored.

66. Plaintiff asserts that during a campus wide administrative meeting / workshop chaired by the Defendant AIDB / E.H. Gentry Executive Director, Patrick Robinson, opened the meeting with a comment personally directed towards Plaintiff indicating that since he was appointed  the new Executive Director he would be "cleaning house."

67. Plaintiff asserts that since she filed her EEOC Charge of Discrimination on December 23, 2014, she has become aware of

her office computer being sabotaged as well as computer files being hacked.

68. Defendant's agents were aware that Plaintiff had engaged in protected activities requesting assistance, promotion, and salary increase when Defendants engaged in the harassing behavior. As a result of the ongoing harassment and hostile work environment, Plaintiff's health was adversely affected.

**COUNT FIVE**

**DISABILITY**

69.    Plaintiff realleges and incorporates  by reference of all material allegations contained in all of the preceding paragraphs as if set out in full.

70.  Plaintiff Ruthie Tuck was and is a disabled person, based on her physical disability (foot surgery) as defined by the ADA in that (a) she has a physical impairment that limits a major life function; (b) she has a record of such impairment and / or (c ) she is regarded as having such an impairment.

71. Plaintiff asserts that she went on sick leave due to foot surgery on June 3, 2013.

72. Plaintiff asserts that she attempted to return to work in August of 2013, with a doctor's excuse that included employment limitations.

73. Plaintiff asserts that Mr. Travis Fields, Plaintiff's immediate supervisor and an agent of Defendant AIDB did not accept her excuse and stated that he could not accept her excuse because there was no light duty work. Plaintiff asserts that Defendant AIDB discriminated against her because of her condition and in express violation of the ADA.

74. Plaintiff asserts that a white male employee employed with Defendant AIDB, Mr. Tim Reid had rotator cuff surgery and returned to work after a two week break on July 23, 2013, with his arm in a sling and was allowed to work for two (2) weeks. Plaintiff asserts that she brought it to Mr. Fields attention that he had allowed Mr. Reid to return to work on light duty but he would not allow Plaintiff to return on light duty. Mr. Fields allowed Mr. Reid to go back to the doctor and bring in a doctor's excuse releasing him back to work without limitations. Mr. Tony Haywood, a white male had carpel tunnel surgery on his wrist and only stayed out for two (2) days and was allowed to return to work on light duty after two days.

75. Plaintiff asserts that Mr. Fields also had knee surgery and returned to work after two (2) weeks and he stayed in his office and the staff assisted him while he worked on light duty at his desk and assisted him with work related duties.

76. Plaintiff asserts that she provided her employer with valid doctor excuses and requested reasonable accommodation which was

summarily denied but Defendant by and through their agents and allowed other white males to return to work with reasonable accommodations.  Plaintiff avers that Defendant did not provide a job accommodation within her physical limitation and restrictions.

77. At all times relevant, Defendant AIDB / E. H. Gentry has refused to provide reasonable accommodation which comports with the stated restrictions provided by the Plaintiff's physician.

78. Defendants refusal to provide Plaintiff with reasonable accommodation would not have been an undue hardship on Defendant AIDB / E. H. Gentry.

79. Plaintiff avers that employee, Ms Jenifer Cooper was injured and allowed to return to employment at AIDB wearing a protective boot on her foot with restrictions consisting of not allowing Ms Cooper to drive more than forty-five (45) minutes.  Plaintiff was denied to return to work with prescriptive surgical shoes and forced to remain off work for an additional five (5) months even though Plaintiff provided a full release from her primary care physician allowing her to return to work but was not allowed to return to work.

80. Plaintiff avers that Ms Isis Mann was allowed to return to work within two (2) weeks after major surgery with restriction including not allowing sign language, and not allowing her to operate the school bus.

**REQUEST FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully requests the following:

1. Enter a judgment in the Plaintiff's favor against the Defendant for compensatory damages to be determined by a jury;

2. Enter an injunction against the Defendant to prohibit the Defendant from engaging in further discriminatory and / or retaliatory practices;

3. Enter a judgment awarding the Plaintiff full employment benefits and any and all back pay prior to Plaintiff's promotion to Employment Specialist on January 15, 2015;

4. Award attorney's fees and costs to the Plaintiff in accordance with 42 U.S.C. §1988; and all other applicable federal laws.

5. Enter a judgment awarding punitive damages to the Plaintiff.

6. Award the Plaintiff prejudgment interest and / or post judgment interest at the prevailing legal rate;

7. Allow a trial by jury on all issues so triable; and

8. Allow a trial by jury n all issues so triable and

9. Award the Plaintiff any and all other relief which the law demands of the Defendant.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment in an amount to be determined by the trier of fact and for injunctive relief as appropriate in the premises and for attorneys fees and for such further other more general relief as may be appropriate in the premises.

RESPECTFULLY SUBMITTED,

**CLARENCE DORTCH, III**
**ATTORNEY FOR PLAINTIFF**
110 North Street East
Talladega, AL 35160
Telephone: (256) 761-9000
Facsimile: (256) 761-9011

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

**OF COUNSEL**